# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-0194 |
| | CIVIL NO. 18-1386 |
| VERSUS | JUDGE DONALD E. WALTER |
| ELIZABETH ISTRE | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed by the Petitioner, Elizabeth Istre ("Istre"). [Rec. Doc. 111]. In response, the Government filed a Motion to Dismiss the matter pursuant to Federal Rule of Civil Procedure 12(b)(6). [Rec. Doc. 116].[1] Istre opposes the Government's motion. [Rec. Doc. 121]. For the reasons assigned herein, the Government's Motion to Dismiss is hereby **GRANTED**. Istre's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

## BACKGROUND INFORMATION

On May 4, 2017, a jury found Istre guilty of committing three counts of wire fraud in violation of 18 U.S.C. § 1343. [Rec. Doc. 91]. While employed by L.M. Daigle Oil Distributers, Istre wrote hundreds of unauthorized checks to herself from her employer's account, totaling $4,348,490.18. [Rec. Doc. 105 at ¶ 11]. On September 26, 2017, the Court

---

[1] The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provision of these rules, may be applied to a proceeding under these rules. Rule 12 of the Rules Governing Habeas Corpus Under 28 U.S.C. § 2255.

imposed a sentence of 87 months imprisonment. [Rec. Doc. 106, 107]. Istre did not file a direct appeal of her conviction or sentence.

On October 23, 2018, Istre filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Rec. Doc. 111]. Therein, Istre alleges that her sentence is unconstitutional based on misconduct by the Government. See id. Specifically, Istre argues that the Government supplied incorrect information to the probation office which suggested that she had been terminated by another former employer, BFI, for theft of company funds See id. at 4.[2] Istre contends that the Government improperly provided this information to establish a pattern of criminal behavior without investigating the facts. See id.

Istre also claims that her trial attorney, Todd Clemons ("Clemons"), failed to provide effective assistance of counsel. See id. Istre claims that Clemons failed to object to the inclusion of the information regarding her termination from BFI in the probation report. See id. She also alleges that Clemons was not adequately prepared to properly defend her at trial. See id. In response, the Government filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the statute of limitations has run, and Istre's motion is time-barred. [Rec. Doc. 116 at 5].

**LAW AND ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 as set forth in 28 U.S.C. § 2255 provides a one-year statute of limitations during which a federal prisoner may file a motion to vacate, set aside, or correct her sentence. See Dodd v. United States, 545 U.S. 353, 356, 125 S.Ct. 2478, 2481 (2005). The statute of limitations begins to run "from the latest of: (1) the date

---

[2] Istre's motion incorrectly states that the presentence report was prepared by Assistant United States Attorney Kelly Oubinger. [Rec. Doc. 111 at 4]. Presentence reports are not prepared by the United States Attorney's Office. Presentence reports are prepared by the United States Probation Office, whose function is to assist the Court with probation and pretrial services.

on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Because Istre did not file a direct appeal of her sentence and conviction, the one-year period to file a motion under section 2255(f)(1) began to run upon the expiration of the 14-day period for the filing of a direct appeal. See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). The judgment of conviction against Istre was signed and entered on September 26, 2017. [Rec. Doc. 107]. Istre's time to file a notice of direct appeal expired fourteen days later, on October 10, 2017. See Fed. R. App. P. 4(b). Thus, per section 2255(f)(1), the one-year period for Istre to file her motion ended a year later, on October 10, 2018.

The "prison mailbox rule" provides that a pleading is to be considered filed the date it is placed in the prison's mailbox system. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998). For a filing to be timely, it must be deposited into the prison's internal mailing system for delivery to the Court on or before the last day for filing. See Spotville, 149 F.3d at 376; Rule 3(d) of the Rules Governing Section 2255 Proceedings. Istre signed her section 2255 motion on October 17, 2018. [Rec. Doc. 111 at 15]. The envelope mailed to the Court indicates that Istre placed her motion in the prison mail system on October 18, 2018. [Rec. Doc. 111-2].

Istre's motion is untimely under section 2255(f)(1) because she mailed her petition more than one year after the judgment against her became final. Further, there is nothing in the record to suggest that a governmental impediment prevented her from filing a motion under section 2255(f)(2). Likewise, there is no new constitutional right made retroactively applicable to her conviction pursuant to section 2255(f)(3). Istre admits that her motion was filed more than a year after her conviction became final, but argues that her motion is timely pursuant to section 2255(f)(4) because it has been less than one year since she became aware that her trial counsel's performance was ineffective, and she discovered additional evidence supporting her motion. [Rec. Doc. 111 at 14]. Istre contends that she had no idea what a section 2255 motion was, much less the grounds to file such a motion, until she was settled into prison life and heard about it from other prisoners. [Rec. Doc. 121 at 2]. Istre argues that her fatigued mental state after her trial and her lack of access to information should delay the running of the statute of limitations under 2255(f)(4). [Rec. Doc. 111 at 14].

Section 2255(f)(4) provides a later date for the running of the statute of limitations period, beginning with "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). To apply, the defendant's "diligence must merely be due or reasonable under the circumstances." Starns v. Andrews, 524 F.3d 612, 619 (5th Cir. 2008). Diligence is shown through "prompt action" by the defendant as soon as she "is in the position to realize" that she should act. Johnson v. United States, 544 U.S. 295, 308, 125 S.Ct. 1571 (2005). In applying section 2255(f)(4), "the important thing is to identify a particular time when diligence is in order." United States v. Jackson, 470 F. App'x 324, 327 (5th Cir. 2012) (citing Johnson, 544 U.S. at 308).

Istre's assertion that her sentence should be set aside due to alleged governmental misconduct regarding her termination from BFI is time-barred, even under section 2255(f)(4). The circumstances surrounding her termination were first presented in a presentence probation report dated June 7, 2017. [Rec. Doc. 105 at ¶ 50]. Her counsel, Clemons, raised an objection on her behalf, denying that Istre was terminated by BFI due to theft. [Rec. Doc. 105 at 21]. Clemons argued that a fair reading of prior deposition testimony provided by Istre's husband indicated that she was terminated due to a pay dispute involving her husband. See id. Clemons also argued that there was never an allegation that BFI declined to pursue criminal against Istre because restitution was paid. See id. In response, on July 14, 2017, the probation office revised the presentence report to reflect that Istre's husband also testified that she was terminated for incorrectly submitting tickets for work completed by her husband. [Rec. Doc. 105 at ¶ 50]. The presentence report also reflects that Istre's husband testified that he and his wife paid back approximately $10,000 to the employer. See id. Istre argues that there was no evidence to suggest that she stole from BFI. [Rec. Doc. 111 at 4]. She also states that the restitution mentioned in the presentence report is completely unrelated to her prior employment with BFI, and was paid by her husband to his former employer, Steve Kent Trucking. See id. Istre contends that her petition is timely under 2255(f)(4) because she only recently received a copy of the restitution check issued by her husband. See id. at 14, Ex. A.

Istre's arguments related to the alleged error in her presentence report are time-barred. As noted above, under section 2255(f)(4), the clock began to run on the date Istre could have discovered the facts supporting her claim through the exercise of due diligence. Istre's petition attacks the validity of the information contained in her original and revised presentence reports dated July 7, 2017 and July 14, 2017, respectively. When Istre was sentenced on September 22,

2017, the Court questioned Istre as to whether she had reviewed the presentence report with Clemons, which she answered in the affirmative. [Rec. Doc. 115 at 2]. Istre also confirmed that she had made the objections submitted by Clemons to the Court regarding her termination from BFI. See id. Thus, the Court must conclude that on September 22, 2017, Istre had notice of the contents of her presentence report, and had sufficient information to realize that she should act with due diligence to pursue her claim regarding any error therein, including any misrepresentation of material fact by the government.

Istre has provided the Court with a copy of a check, which she contends proves that the restitution payment was unrelated to her termination from BFI. [Rec. Doc. 111, Ex. A.]. Istre also provided the Court with an explanation regarding her late receipt of the check, explaining that her estranged husband refused to provide her with a copy. [Rec. Doc. 121]. However, the timing of Istre's receipt of a copy of the check is not controlling for purposes of determining when the statute of limitations began to run pursuant to section 2255(f)(4). The one-year filing window began to run when Istre was aware of the facts supporting her claim, which was, at the latest, on September 22, 2017.

For similar reasons, Istre's claim regarding alleged ineffective assistance of counsel from Clemons is also time-barred. Istre claims that Clemons was unprepared and disorganized during his representation of her at trial. [Rec. Doc. 111 at 6-7]. Trial was held on May 1-5, 2017, and Istre observed Clemons' performance. [Rec. Docs. 80, 82, 83, 86]. Thus, Istre had notice of any alleged deficiencies in his performance during her trial.

Istre's claims regarding Clemons' failure to object to the presentence report are also time-barred. As noted above, on September 22, 2017, Istre confirmed that she had reviewed both the presentence report and Clemons' objections thereto. [Rec. Doc. 115 at 2]. Her review of these

6

documents on or before September 22, 2017, was sufficient to provide notice of any deficiencies in relation to the objections made by Clemons.

Finally, Istre's claim that Clemons' performance was deficient for failing to arrange a polygraph test prior to sentencing is also time-barred. Istre was no doubt aware that she did not take a polygraph test before she was sentenced. Thus, she was clearly on notice of this alleged failure when she was sentenced on September 22, 2017.

In the alternative, Istre argues in her reply brief that her application should be deemed timely under the doctrine of equitable tolling. [Rec. Doc. 121 at 4-9]. Section 2255's statute of limitations may be equitably tolled "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560 (2013). However, equitable tolling may not be used to thwart Congress' intent in enacting the limitations period. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Courts may only equitably toll the statute of limitations in "rare and exceptional circumstances." United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). To benefit from equitable tolling a petitioner must demonstrate: (1) that she has been pursing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. See Holland, 560 U.S. at 649; United States v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016). Equitable tolling "applies principally" where the petitioner is "actively misled" or is "prevented in some extraordinary way from asserting [her] rights." Wheaten, 826 F.3d at 851 (citation omitted).

Istre argues that she should benefit from equitable tolling because there is a causal connection between her mental state following her trial and her delay in discovering issues that she could raise in her section 2255 motion. [Rec. Doc. 121 at 5]. However, mental stress or exhaustion is not sufficient to invoke equitable tolling. See Jones v. Stephens, 541 F. App'x 499,

505 (5th Cir. 2013) (mental illness insufficient, tolling appropriate only with showing of mental incompetence).

Istre also asserts that she diligently pursued her rights once she realized she could file a motion, but extraordinary circumstances prevented her from timely filing her petition. [Rec. Doc. 121 at 5]. Specifically, Istre states that her estranged husband refused to provide her with a copy of the check to Steve Kent Trucking, which she needed for her argument regarding the presentence report. [Rec. Doc. 121 at 6]. The Court finds this argument unpersuasive. Equitable tolling is reserved for rare or extraordinary circumstances. An estranged spouse refusing to provide a document is neither rare nor extraordinary. It also appears from Istre's filing that she did not attempt to acquire a copy of the check until May 2018, eight months after the statute of limitations began to run. [Rec. Doc. 121-1]. For these reasons, the Court finds that equitable tolling is not warranted in this case.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss [Rec. Doc. 116] is **GRANTED**. Istre's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is untimely, and is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 8th day of May, 2019.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE